UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEE WAYNE SIMPSON, | ) | 1:09-CV-00896 LJO GSA HC |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| v. | ) | MOTION FOR DISCOVERY |
| | ) | |
| FERNANDO GONZALEZ, | ) | [Doc. #35] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 9, 2010, Petitioner filed a motion requesting a subpoena pursuant to Fed. R. Civ. P. Rule 45(a). Petitioner states he requires a subpoena for the production of documentary evidence. Petitioner seeks to open discovery in this matter.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 903-05 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." See also Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.1999) ("[D]iscovery is available only in the discretion of the court and for good cause shown"). Further, Rule 6(b) states that the party

requesting discovery "must provide reasons for the request" and *inter alia*, "must specify any requested documents."

Petitioner's request will be denied. First, Petitioner does not state why discovery is necessary or what documentary evidence is sought. Second, the petition is already briefed except for Petitioner's traverse. It is far too late to commence what appears to be an evidentiary expedition. Accordingly, the request to conduct discovery is DENIED.

IT IS SO ORDERED.

Dated:   **April 19, 2010**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE