UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEE WAYNE SIMPSON, | ) | 1:09-CV-00896 LJO GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| v. | ) | MOTION TO COMPEL DISCOVERY |
| | ) | |
| FERNANDO GONZALEZ, | ) | [Doc. #38] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 9, 2010, Petitioner filed a motion requesting a subpoena pursuant to Fed. R. Civ. P. Rule 45(a). Petitioner stated he required a subpoena for the production of documentary evidence. The Court construed his motion as a motion for discovery and denied it on April 20, 2010.

On April 26, 2010, Petitioner filed a motion to compel discovery. Respondent filed an opposition to said motion on April 27, 2010. As noted by Respondent, the request is essentially a reformulation of the first. Petitioner seeks to open discovery in this matter.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 903-05 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a

1  party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of
2  discovery." See also Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.1999) ("[D]iscovery is available
3  only in the discretion of the court and for good cause shown"). Further, Rule 6(b) states that the party
4  requesting discovery "must provide reasons for the request" and *inter alia*, "must specify any
5  requested documents."

6     As the Court previously determined, there is no showing of good cause to open discovery in
7  this case. The case has been pending since May 21, 2009, and is fully briefed with the exception of
8  the traverse. Petitioner fails to state why discovery is necessary now. Further, his request lacks any
9  specificity; rather, Petitioner seeks to undertake an evidentiary expedition in requesting basically
10 anything and everything having to do with his underlying conviction. This is not permissible.

11     Accordingly, the request to conduct discovery is DENIED with prejudice.

13   IT IS SO ORDERED.

14   Dated:   **May 20, 2010**          /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE